UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-48 |
| | ) | REEVES |
| CECIL DWIGHT WILLIS | ) | |

## MEMORANDUM AND ORDER

Cecil Dwight Willis's *pro se* motion for compassionate release to home confinement [D. 576] is before the Court. As follows, it does not appear that Mr. Willis has satisfied the statutory exhaustion requirements. Consequently, Mr. Willis's motion is **DENIED** without prejudice to re-file once exhaustion requirements have been met.

### I.  Background

On March 3, 2017, this Court sentenced Mr. Willis to a total term of imprisonment of 107 months, followed by a 3-year supervised release term, for: (1) conspiring to distribute and possessing with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); (2) conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h); and (3) aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

On May 22, 2020, Mr. Willis filed an emergency motion for compassionate release, which is now before the Court.[1] In the motion, Mr. Willis indicates that his life is at risk due to the outbreak of the COVID-19 novel coronavirus at FMC Fort Worth, and states that "the prison is in turmoil with no relief in sight." Consequently, Mr. Willis requests release to home confinement for five reasons. First, he states that he is "incarcerated in a BOP Prison with the highest number of inmates infected with [the] COVID-19 virus." Second, "Attorney General Barr has granted 'BOP' authority to release inmates to home confinement during the 'coronavirus crisis.'" Third, a large number of inmates have tested positive at FMC Fort Worth and a few have died.[2] Fourth, "coronavirus cases continue to rise" at FMC Fort Worth. Fifth, though the "prison staff has done the best they can to help mitigate the spread of [the] coronavirus, . . . the population remains at high risk." Mr. Willis does not indicate whether he has petitioned the Bureau of Prisons through its administrative process prior to filing the motion before the Court. The government has not responded.

II.     Analysis

Once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d

---

[1] On May 1, 2020, the Court received a letter from Mr. Willis's mother, Mary Garrett, requesting release or home confinement for Mr. Willis. [D. 575]. However, Ms. Garrett does not appear to have authority to file motions on Mr. Willis's behalf.

[2] Mr. Willis claims that 201 inmates have tested positive and states that there have been 3 inmate deaths. Based on publicly available data from the Bureau of Prisons, it appears that there are currently 94 active cases among inmates at the facility. *See* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited May 26, 2020). However, the BOP also reports that 536 inmates have recovered while 10 inmates have died.

323, 326 (6th Cir. 2010). Nevertheless, courts are receiving release requests for release under two distinct statutory "mechanisms" during the current pandemic—the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). Here, Mr. Willis references both mechanisms in his motion, so the Court will address each in turn.

### A. CARES Act

First, Section 12003 of the CARES Act temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act gives decision-making authority to of the Attorney General and the Director of the Bureau of Prisons ("BOP"). *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Although a sentencing court may *recommend* a particular type of prison facility during sentencing, any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility or in home confinement has no binding effect on the authority of the BOP to determine or change the place of imprisonment. *See* 18 U.S.C. § 3621(b).

Here, as Mr. Willis points out, even in the midst of the COVID-19 pandemic, the BOP retains the authority to determine the proper place of imprisonment under the CARES Act. The Attorney General has directed the Director of the Bureau of Prisons to prioritize the use of existing statutory authority to place prisoners in home confinement. *See*

3

Memorandum from the Attorney General to the Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download (last visited May 26, 2020); *see also* Memorandum from the Attorney General to the Director of Bureau of Prisons (Mar. 26, 2020), https://www.justice.gov/file/1262731/download (last visited May 26, 2020). The BOP is evaluating its entire population to assess whether an inmate is particularly vulnerable to COVID-19, whether home confinement would increase that inmate's risk of contracting COVID-19, and whether release to home confinement would risk public safety.

Consequently, because the Court does not have the power to order home confinement under the CARES Act, the Court cannot grant Mr. Willis's request on this basis. Likewise, because the BOP is in the best position to determine the proper placement of inmates taking into account individual considerations based on an inmate's background, medical history, and general considerations about public safety, the Court is not prepared to make a recommendation as to Mr. Willis.

### B. 18 U.S.C. § 3582(c)(1)(A)(i)

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that defendants may move for what is often called compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, Mr. Willis does not state whether he has petitioned the warden of Forth Worth FMC for compassionate release. As a result, the Court cannot determine whether Mr. Willis "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf. 18 U.S.C. § 3582(c)(1)(A). Even during the COVID-19 pandemic, the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) cannot be summarily disregarded. *See United States v. Bolze*, No. 3:09-CR-93, 2020 WL 2449782, at *2 (E.D. Tenn. May 12, 2020) (expounding on the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. Godofsky*, No. 5:16-59-1, 2020 WL 2188047, at *1–2 (E.D. Ky. May 6, 2020); *United States v. Boyd*, No. 3:14-CR-86, 2020 WL 2106023, at *1 (E.D. Tenn. May 1, 2020); *United States v. Edwards*, No. 3:13-CR-00012-1, 2020 WL 1987288, at *2 (M.D. Tenn. Apr. 27, 2020).

To be sure, the Court empathizes with the difficult situation that Mr. Willis faces as FMC Fort Worth, and the country, grapples with this unprecedented challenge. Nevertheless, the Court cannot weigh the merits of Mr. Willis's motion under the "compassionate release" framework until the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i) is satisfied. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").

## Conclusion

Because the Court does not have the power to order home confinement under the CARES Act and the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) have not been

5

met, Mr. Willis's motion [D. 576] is **DENIED** without prejudice to re-file when the exhaustion requirement has been met.

**IT IS SO ORDERED.**

PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE